BARSHAY, RIZZO & LOPEZ, PLLC
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL20211114

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHIRE PLAINS DIVISION

| | |
|---|---|
| Josue Cruz,<br><br>                            Plaintiff,<br><br>       v.<br><br>Americollect, Inc.,<br><br>                            Defendant. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Josue Cruz, by and through the undersigned counsel, complains, states, and alleges against defendant Americollect, Inc. as follows:

**INTRODUCTION**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692*et seq.* (the "FDCPA").

2. Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

3. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell*

1

*v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

4. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

5. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff consumer to show that he or she was confused by the communication received. *Jacobson*, 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

6. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell*, 74 F.3d at 34.

7. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

8. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*,

2

591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA is sufficient to establish civil liability against a debt collector. *Id.*

**JURISDICTION AND VENUE**

9. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

10. This court has jurisdiction over defendant Americollect, Inc. because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

11. Venue is proper is this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

**PARTIES**

12. Plaintiff Josue Cruz ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Westchester County, New York.

13. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

14. Defendant Americollect, Inc. is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business in Manitowoc County, Wisconsin.

15. Defendant has transacted business within the State of New York as is more fully set forth hereinafter in this Complaint

16. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

17. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed

by consumers.

18. The principal purpose of Defendant's businesses is the collection of such debts.

19. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

22. Plaintiff underwent an MRI at New Rochelle Radiology Associates ("New Rochelle Radiology").

23. The cost of Plaintiff's MRI was covered by Plaintiff's insurance.

24. Plaintiff received correspondence from his insurance company indicating the MRI was paid in full and that he had no responsibility for further payment.

25. Nevertheless, Plaintiff received an invoice from New Rochelle Radiology.

26. Plaintiff wrote to New Rochelle Radiology three times to dispute the invoice.

27. Despite Plaintiff not owing New Rochelle Radiology any money, upon information and belief New Rochelle Radiology hired Defendant to collect the invoice ("the alleged Debt").

28. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

29. In its efforts to collect the alleged Debt, Defendant caused correspondence, including collection letters dated December 10, 2020 and February 11, 2021, to be sent to Plaintiff. (A true and accuratecopy of February letter (the "Letter") is annexed hereto as "**Exhibit 1**.")

30. The Letter conveyed information regarding the alleged Debt.

4

31. The Letter is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

32. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of these rights.

33. Plaintiff's injury is "particularized" and "actual" in that the Letter that deprived Plaintiff of the aforementioned rights was addressed and sent to Plaintiff specifically.

34. Plaintiff's injury is directly traceable to Defendant's conduct because Defendant sent the Letter, and but for Defendant's conduct, Plaintiff would not have been deprived of the aforementioned rights.

35. Plaintiff has been misled by Defendant's conduct.

36. Defendant's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendant's conduct.

37. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the alleged Debt and other alleged debts.

38. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted economic harm.

39. As a result of Defendant's conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

40. As a result of Defendant's conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged Debt.

41. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

42. A favorable decision herein would redress Plaintiff's injury with money damages.

43. A favorable decision herein would serve to deter Defendant from further similar conduct.

44. Upon information and belief, Plaintiff can prove that all actions taken by Defendants as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

**FIRST COUNT**
**Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**

45. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

46. The Letter claims that Plaintiff owes $177.86 (the "Claimed Amount").

47. As set forth in Paragraphs 22 through 27 hereof, Plaintiff did not owe the Claimed Amount.

48. Plaintiff did not owe the Claimed Amount at the time the alleged Debt was assigned or otherwise transferred to Defendant for collection.

49. Plaintiff did not owe the Claimed Amount at the time Defendant caused the Letter to be sent to Plaintiff.

50. Plaintiff did not owe the Claimed Amount at the time Plaintiff received the Letter.

51. Plaintiff did not owe any money at all to Defendant.

6

52. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

53. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

54. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

55. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed by the consumer, is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

56. Defendants' allegation that Plaintiff owed the Claimed Amount is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

57. Defendants' allegation that Plaintiff owed the Claimed Amount is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

58. Defendants' allegation that Plaintiff owed the Claimed Amount is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

59. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

**SECOND COUNT**
**Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**

60. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

61. The Letter claims that Plaintiff owes money to New Rochelle Radiology.

62. As set forth in Paragraphs 22 through 27 hereof, Plaintiff did not owe money to

New Rochelle Radiology.

63. Plaintiff was never indebted to New Rochelle Radiology.

64. Plaintiff did not owe the alleged Debt to New Rochelle Radiology.

65. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

66. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

67. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

68. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the consumer does not owe money to that entity, is a violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

69. Defendants' allegation that Plaintiff owed a debt to the New Rochelle Radiology is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

70. Defendants' allegation that Plaintiff owed a debt to the New Rochelle Radiology is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

71. Defendants' allegation that Plaintiff owed a debt to the New Rochelle Radiology is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

72. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

**THIRD COUNT**
**Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**

73. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

74. The Letter states:

> Your account was sent to our Insurance Dept for review, from our findings, the balance due is from one of the following:
> - Past Timely Filing limitations.
> - Not eligible at the time of service.
> - Deductible, Co-Ins, Co-Pay.
> - Additional information is needed for processing.
> - Provider is Out of Network.

75. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

76. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

77. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

78. As set forth in Paragraphs 22 through 27 hereof, the Letter's statement is false.

79. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

**JURY DEMAND**

80. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Finding Defendant's actions violate the FDCPA; and

b. Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k; and

c. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. §

9

       1692k, calculated on a "lodestar" basis; and

   d. Awarding the costs of this action to Plaintiff; and

   e. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

   f. Such other and further relief that the Court determines is just and proper.

DATED: February 22, 2021

                                    **BARSHAY, RIZZO & LOPEZ, PLLC**

                                    By: *David M. Barshay*
                                    David M. Barshay, Esquire
                                    445 Broadhollow Road | Suite CL18
                                    Melville, New York 11747
                                    Tel: (631) 210-7272
                                    Fax: (516) 706-5055
                                    Our File No.: BRL20211114
                                    *Attorneys for Plaintiff*